RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/16/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK M. PENN | DOCKET NO: 13-CV-276; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| SGT. LINDA JACKSON | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. §1983) of Plaintiff Mark M. Penn, filed *in forma pauperis*. Plaintiff is incarcerated at the Natchitoches Parish Detention Center. He complains of an intentional deprivation of personal property by Defendant Linda Jackson.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

*Factual Allegations*

Plaintiff alleges that Defendant Jackson destroyed his personal property before the expiration of the deadline within which he had to dispose of or mail home his personal property.

*Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also

subject to screening under §1915(e)(2).  Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327.  A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## *Analysis*

Plaintiff seeks damages because Defendant Jackson disposed of his personal property.  The Due Process Clause of the Fourteenth

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

Amendment provides "nor shall any State deprive any person of ... property, without due process of law." U.S. Constitution, Amendment XIV. However, under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981); <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). Even in instances like the one alleged by Plaintiff, where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. La. Civil Code Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See <u>Charbonnet v. Lee</u>, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992). Plaintiff's claim regarding his destroyed property is clearly barred by the *Parratt/Hudson* doctrine.

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE